## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Confidential Settlement Agreement and Mutual General Release ("Agreement"), is made and entered into by and between TIER 1 TECHS, LLC, its parent corporations, subsidiaries, affiliates, divisions, predecessors, successors and assigns, joint employers, joint ventures, and the current and former employees, officers, directors, board members, owners, insurers, attorneys and agents thereof (hereinafter the "TIER 1"), BENSIN JOSEPH on behalf of himself, his heirs, predecessors, successors, and assigns (hereinafter "JOSEPH") (collectively "Defendants"), and MENACHEM ROUBINI, on behalf of himself, his heirs, predecessors, successors, and assigns (hereinafter "ROUBINI").

WHEREAS, on or about February 19, 2016, ROUBINI filed a two count Complaint against Defendants in the action styled *Menachem Roubini v. Tier 1 Techs, LLC and Bensin Joseph*, Case No. 1:16-cv-20601-DPG, in the United States District Court, Southern District of Florida alleging violation of the overtime provisions of the Fair Labor Standards Act ("FLSA"), and alleging retaliation in violation of the FLSA (hereinafter called the "Action");

WHEREAS, Defendants deny the validity of ROUBINI's claims and denies that they are subject to any liability;

WHEREAS, the parties wish to avoid the expenses and risks of litigation and resolve and settle their differences without resort to further litigation; and

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements set forth herein, which covenants and agreements constitute good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them that exist or may exist between them:

1. **Recitals**. The parties acknowledge that the "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Consideration**. In consideration of the mutual promises exchanged herein, and compliance with the mutual promises made herein, Defendants shall pay to ROUBINI the total sum of Seventy Five Thousand Dollars ($75,000.00) (the "Settlement Funds"), allocated as follows:

    A.  TIER 1 shall issue payment in the gross amount of Four Thousand Nine Hundred Seventy Two Dollars ($4,972.00), less withholding and all lawful taxable deductions, made at the usual and customary rate, made payable to "MENACHEM ROUBINI." The payment referenced in this subparagraph 2(A) represents the recovery of unpaid wages and unpaid overtime wages, for which the appropriate IRS Form W-2 shall be issued.

T1 *T1*
BJ *BJ*
MR *MR*

B. TIER 1 shall issue payment in the amount of Four Thousand Nine Hundred Seventy Two Dollars ($4,972.00), made payable to "MENACHEM ROUBINI and Law Offices of Levy & Levy, P.A. Trust Account." The payment referenced in this subparagraph 2(B) represents the recovery of liquidated damages.

C. TIER 1 shall issue payment in the amount of Three Thousand Dollars ($3,000.00), made payable to "MENACHEM ROUBINI and Law Offices of Levy & Levy, P.A. Trust Account." The payment referenced in this subparagraph 2(C) represents the recovery of attorneys' fees and costs for all of Plaintiff's FLSA wage and hour claims.

D. TIER 1 shall issue payment in the amount of Sixty Two Thousand Fifty Six Dollars and No/Hundreds ($62,056.00), made payable to "MENACHEM ROUBINI and Law Offices of Levy & Levy, P.A. Trust Account." The payment referenced in this subparagraph 2(D) represents the recovery of all other damages contemplated under this agreement other than sums described in sections 2A, 2B and 2C, above.

E. The Settlement Funds shall be delivered to counsel for ROUBINI subsequent to the satisfaction of all of the following conditions precedent:

(1) receipt by counsel for Defendants of this Agreement executed by ROUBINI;

(2) receipt by counsel for Defendants of an IRS Form W-9 fully executed by ROUBINI and an IRS Form W-9 fully executed by counsel for ROUBINI;

(3) entry by the Court of an order approving this Agreement.

F. The Settlement Funds shall be paid pursuant to the following installment plan:

(1) An initial payment in the amount of $25,000 shall be delivered to counsel for ROUBINI within seven (7) days of the fulfillment of all of the conditions precedent listed in section 2E, above. If the 7th day falls on a weekend or holiday, payment shall be delivered on the next business day. This initial payment shall consist of two checks:

(a) Check One shall be a standard payroll check in the gross amount of Four Thousand Nine Hundred Seventy Two Dollars ($4,972.00), less all standard withholdings, and shall be made payable to "MENACHEM ROUBINI."

(b) Check Two shall be in the form of a check in the amount of Twenty Thousand Twenty-Eight Dollars ($20,028), and shall be made payable to "MENACHEM ROUBINI and Law Offices of Levy & Levy, P.A. Trust Account."

T1 *[initialed]*
BJ *[initialed]*
MR MR

2

(2) A second payment in the amount of $25,000 shall be delivered to counsel for ROUBINI no later than 120 days after payment of the initial payment. If the 120th day falls on a weekend or holiday, payment shall be delivered on the next business day. This payment shall be in the form of a check in the amount of Twenty Five Thousand Dollars ($25,000) which shall be made payable to "MENACHEM ROUBINI and Law Offices of Levy & Levy, P.A. Trust Account."

(3) A final payment in the amount of $25,000 shall be delivered to counsel for ROUBINI no later than 120 days after payment of the second payment. If the 120th day falls on a weekend or holiday, payment shall be delivered on the next business day. This payment shall be in the form of a check in the amount of Twenty Five Thousand Dollars ($25,000) which shall be made payable to "MENACHEM ROUBINI and Law Offices of Levy & Levy, P.A. Trust Account."

G. Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties shall file a Joint Motion for Settlement Approval and Proposed Order Dismissing this case with prejudice within three (3) days after this Agreement has been executed by all parties.

H. Any employee tax obligation arising from the payment made to ROUBINI under subparagraph 2(B) of this Agreement will be ROUBINI's sole responsibility. ROUBINI agrees to and does indemnify, defend and hold Defendants harmless for and from any federal, state and local tax liability, including taxes, interest, penalties, and required withholdings, which may be or are asserted against or imposed upon Defendants by any taxing authority based upon any failure to withhold any amount from the settlement proceeds for tax purposes, and also for any and all attorneys' fees and costs incurred by Defendants in defending any and all such matters.

I. Should Defendants, jointly and severally, fail to make the payment by the deadlines described above, or should any of the payments be returned for non-sufficient funds or any other reason, ROUBINI's counsel shall give written notice via e-mail to Defense Counsel, Edwin Cruz, Esq., at ecruz@fowler-white.com. In the event that Defendants, jointly and severally, fails to cure said breach within three (3) business days of receiving the written notification, a final default judgment shall be entered against Defendants, jointly and severally, in the total amount of One-Hundred Twenty-Five Thousand Dollars and 00/100 cents ($125,000.00), less any payments made. Under the circumstances, ROUBINI shall be entitled to any fees and costs incurred for collection.

3. **No Consideration Absent Execution of this Agreement**. ROUBINI understands and agrees that he would not receive the monies and/or benefits specified in paragraph "2" above, except for his execution of this Agreement and the fulfillment of the mutual promises contained herein. The payment reflected in paragraph "2" is made in full and final settlement and resolution of the Action.

T1 T1
BJ BJ
MR MR

4. **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

5. **Release of Claims by ROUBINI.** ROUBINI knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, Defendants (also referred to in this Release as "the Released Parties"), of and from any and all claims, known and unknown, asserted and unasserted, which ROUBINI has or may have against the Released Parties as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act; as amended;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Fair Labor Standards Act, as amended;
- The Equal Pay Act, as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- Employee Retirement Income Security Act (ERISA);
- Racketeer Influenced and Corrupt Organizations Act (RICO);
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- The Florida Minimum Wage Act - Fla. Stat. §448.110;
- Any and all Florida laws relating to the payment of wages;
- Florida Stat. §448.08;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

The parties acknowledge that this Agreement shall not apply to rights or claims that may arise after this Agreement has been signed. Additionally, nothing in this paragraph or in the Agreement is intended to limit or restrict any rights that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished. Acknowledging the foregoing, ROUBINI understands and agrees that he is releasing all of the Released Parties from any and all claims,

T1 T1
BJ BS
MR MR

4

and giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by him or on his behalf.

6. **The ADEA**. In compliance with the requirements of the Age Discrimination in Employment Act (ADEA), as amended by the Older Worker Benefit Protection Act of 1990, you acknowledge by your signature below and the initialing of all pages of this Agreement that you have read and understood this Agreement and specifically understand the following:

A. That you may consult with an attorney before signing this Agreement, that you are being encouraged to consult with an attorney and that you in fact did consult with an attorney;

B. That you had adequate time to consider the terms of this Agreement and that you understand the terms and, by signing this Agreement, you consent to same;

C. That you are releasing Defendants from, among other things, any claim which you might have against Defendants pursuant to the ADEA, as amended by the Older Worker's Benefit Protection Act of 1990; and

D. That this Agreement does not cover the rights or claims that may arise under the ADEA after the date of execution of this Agreement.

7. **Affirmations.**

A. ROUBINI AFFIRMS THAT HE HAS NOT FILED, CAUSED TO BE FILED, OR PRESENTLY IS A PARTY TO ANY CLAIM, COMPLAINT, OR ACTION AGAINST DEFENDANTS IN ANY FORUM (ADMINISTRATIVE, COURT, OR ANY OTHER FORUM), EXCEPT FOR THE ACTION.

B. ROUBINI AFFIRMS THAT HE HAS BEEN PAID AND/OR HAS RECEIVED ALL LEAVE (PAID OR UNPAID), COMPENSATION, WAGES (INCLUDING OVERTIME), BONUSES, COMMISSIONS, REPAYMENT OF EQUITY, AND/OR BENEFITS TO WHICH HE MAY BE ENTITLED AND THAT NO OTHER LEAVE (PAID OR UNPAID), COMPENSATION, WAGES, BONUSES, COMMISSIONS AND/OR BENEFITS ARE DUE TO HIM, EXCEPT AS PROVIDED FOR IN THIS AGREEMENT.

C. ROUBINI AFFIRMS THAT HE HAS NO UNREPORTED WORKPLACE INJURIES.

8. **Non-Disparagement**. ROUBINI agrees that he will not in the future (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding Defendants, or (b) make or authorize to be made any written or oral statement that may disparage the reputation of Defendants. This includes, but is not limited to, any text messages, blogs, websites, or social media such as Twitter, Linkedin, and Facebook or in

TI _TI_
BJ _BJ_
MR _MR_

traditional media be it orally, in writing, via e-mail or otherwise. Defendants agree that the senior management team will be advised not to make disparaging or defamatory comments about ROUBINI to third parties.

9. **No Re-Application for Employment**. ROUBINI agrees that he will not apply for employment or re-employment with Defendants and acknowledges that any application for employment ROUBINI makes to Defendants may be rejected without cause and without any liability whatsoever. ROUBINI understands and acknowledges that Defendants are not and never shall be under any obligation to employ or re-employ him, and the refusal of Defendants to employ or re-employ him will not subject Defendants to liability on any grounds.

10. **Neutral Reference**. Defendants agree to provide a neutral reference to any prospective employers of ROUBINI that request a reference, which shall consist solely of confirmation regarding ROUBINI's job title, dates of employment, and final rate of pay. ROUBINI agrees to direct such inquiries to BENSIN JOSEPH.

11. **Confidentiality**.

    A. ROUBINI warrants that he has not disclosed any of the terms of this Agreement, or the negotiations related to this Agreement, to anyone other than his attorneys. ROUBINI represents and agrees that (i) he will keep the terms of this Agreement completely confidential, except and unless disclosure is required and compelled by law or as otherwise set forth below, and (ii) if disclosure is compelled by court order, he will disclose only so much information as is necessary for compliance. ROUBINI agrees not to publicize or disclose any of the terms of this Agreement in any manner whatsoever, whether in writing or orally, to any person, directly or indirectly, or by or through any agent or representative, except as necessary to effectuate the terms of the Agreement, other than to the following: (1) his attorneys; (2) his spouse; (3) his accountants and tax consultants; and (4) other representatives or entities as required and compelled by law or lawful court order. With respect to any individuals referred to above to whom ROUBINI knowingly discloses any information regarding this Agreement or its terms, ROUBINI agrees that he will inform such individuals that the information is strictly confidential and may not be reviewed, discussed or disclosed, orally or in writing with any other person, organization or entity whatsoever, at any time. In the event any inquiry is made of ROUBINI concerning this matter, he shall indicate only that "the claim has been resolved," and shall give no other indication of the outcome. Confidentiality is a material part of this Agreement, and is intended to be binding upon ROUBINI personally and all agents and other representatives of ROUBINI, if appropriate.

    B. In the event that ROUBINI is required by compulsion of legal process to disclose, publicize, or to permit, authorize or instigate the disclosure of this Agreement, in whole or in part, she must notify Defendants in writing at least ten (10) business days prior to the disclosure in order to provide Defendants an opportunity to object to such disclosure. Such written notification shall be sent to: Edwin Cruz, Esq., Fowler, White, Burnett, P.A. (counsel for

T1 _T(_
BJ _BJ_
MR _MR_

Defendants), Brickell Arch, 1395 Brickell Avenue, 14th Floor, Miami, Florida 33131. ROUBINI agrees to reasonably cooperate fully with Defendants if they object to such disclosure.

C. This confidentiality agreement specifically includes, but is not limited to, an obligation, on the part of ROUBINI and his attorneys and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of the Agreement to any current or former employee or independent contractor of Defendants or any affiliate of Tier 1 Techs, LLC, or to any individual associated with the press or the media. ROUBINI agrees that he shall be responsible and liable for any disclosure prohibited by this section.

D. The Parties acknowledge and agree that the terms of paragraph 11(A) are a material inducement for the execution of this Agreement. Any actual or threatened disclosure or dissemination, other than as described above in paragraph 11(A), of this Agreement, the terms and conditions hereof, and/or the underlying facts and circumstances of the claims alleged in the Action, will be regarded as a breach of this Agreement and a cause of action shall immediately accrue for damages and injunctive relief.

12. **Nonadmission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Release is or shall be deemed or construed at any time for any purpose as an admission by Defendants of any liability or unlawful conduct of any kind.

13. The Defendants agree that during the time period between the execution of this Agreement and the payment deadlines in paragraph two (2), should the Defendants file for bankruptcy, or any other dissolution proceeding that would affect ROUBINI's seeking of damages against the Defendants, that such proceedings will have no effect whatsoever on this Agreement or ROUBINI's right to enforce or collect on any amounts remaining unpaid.

14. **Governing Law and Enforcement**. This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event that any party breaches any provision of this Agreement, the parties affirm that they may institute an action to specifically enforce any term or terms of this Agreement. Such action to enforce or construe the Agreement shall be filed in the federal court for the Southern District of Florida, and ROUBINI expressly consents to personal jurisdiction in this Court. The prevailing party shall be entitled to recover attorneys' fees and costs from the non-prevailing party in any enforcement action. **THE PARTIES EXPRESSLY WAIVE THEIR RIGHT TO A JURY TRIAL IN ANY ACTION TO ENFORCE THIS AGREEMENT.**

15. **Severability**. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

T1 _T1_
BJ _BJ_
MR _MR_

16. **Headings**. The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretive of the contents of such provision.

17. **Amendment**. This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

18. **Binding Nature of Agreement**. This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. ROUBINI expressly warrants that he has not transferred to any person or entity any rights or causes of action, or claims released by this Agreement.

19. **Selective Enforcement**. The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

20. **Copy of Agreement Valid**. The parties agree that executed copies of this Agreement shall be valid and binding.

21. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. ROUBINI acknowledges that he has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

**ROUBINI IS HEREBY ADVISED THAT HE HAS HAD A REASONABLE PERIOD OF TIME TO REVIEW AND CONSIDER THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE. ROUBINI IS FURTHER ADVISED THAT HE SHOULD CONSULT WITH COUNSEL BEFORE SIGNING THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE TO DISCUSS THE TERMS OF THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, AND ROUBINI ACKNOWLEDGES THAT HE HAS CONSULTED WITH COUNSEL.**

**HAVING ELECTED TO EXECUTE THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, ROUBINI FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO**

TI  TI
BJ  BJ
MR  MR

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS AND ALL OF THE RELEASED PARTIES.

(SIGNATURES BEGIN ON THE FOLLOWING PAGE)

T1 *[initials]*
BJ *[initials]*
MR MR

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Confidential Settlement Agreement and General Release as of the date(s) set forth below:

|  |  |
|---|---|
|  | **TIER 1 TECHS, LLC (T1)** |
|  | By: _[signature]_ |
| Witness: _____ | Name: Bassi Joseph |
| Date: _____ | Title: President |
|  |  |
|  | _[signature]_ |
| Witness: _____ | **BENSIN JOSEPH (BJ)** |
| Date: _____ | Date: 5/16/2016 |
|  |  |
|  | _[signature] M. Roubini_ |
| Witness: _____ | **MENACHEM ROUBINI (MR)** |
| Date: _____ | Date: 05/17/2016 |

4811-4255-1857, v. 1

T1 _T1_
BJ _BJ_
MR _MR_

10